# United States Bankruptcy Court
## Northern District of Florida

In re    **Kendall William Smith**
      **Terri Lynn Smith**                            Case No.    **11-40053**

                                    Debtor(s)       Chapter    **13**

## CHAPTER 13 PLAN SECOND AMENDED CORRECTED

1. **Payments to the Trustee**: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$850.00   per month for 2   months, then $950.00   per month for 5   months, then $1,160.00 for 53 months**. The Debtor shall pay to the Trustee the tax refunds, over $3,600.00 per year, for __3__ years.

   Total of base plan payments: __**$67,930.00**__

2. **Plan Length**: The term of the plan is for __60__ months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   **a.  Administrative Expenses/Priority Claims**

   (1)  Trustee's Fee: As determined by the Attorney General of the United states.

   (2)  Filing Fee (unpaid portion)__**0.00**__

   (3)  Priority Claims under 11 U.S.C. §507 - Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) of the holder of any domestic support obligation are as follows   (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

      **-NONE-**

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).

   | Creditor (Name) | Estimated Arrearage Claim |
   | --- | --- |
   | **-NONE-** | |

   (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   **Claimant and proposed treatment**:    **-NONE-**

(4) Attorney's Fee (unpaid portion):    **$1,700.00**

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order. In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

### b. Secured Claims

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506.   Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.   Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| Springleaf Financial | 643.00 | 6.00% |
| FKA American General Finance | | Amortized over 48 months |
| 12X20 Metal Siding Shed / Outbuilding | | |
| | | |
| Ford Credit | 10,562.50 | 6.00% |
| 2008 Ford Focus SE 4dr | | Amortized over 48 months |
| | | |
| Suntrust Bank | 12,150.00 | 6.00% |
| 2007 Dodge Truck 1500 SLT 2 DR | | Amortized over 48 months |
| | | |
| US Bank Manufactured Housing | 16,647.00 | 6.00% |
| 2007 Fleetwood Westfield 14 X 48 | | Amortized over 48 months |
| Single-Wide Mobile Home | | |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506.   Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name/Description of Collateral | Amount of Secured Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

### c. Unsecured Claims

General Nonpriority Unsecured: Unsecured debts shall be paid at least $0.00 (liquidation) and paid pro rata.

5.   The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

6.   The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

7.   The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| Verizon Wireless | Cellular Phone Agreement - Rejected |

8.   Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim:

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| HSBC/Kawasaki 2006 Kawasaki KVF360B6F Prairie - 362CC ATV | 2,177.00 | 2006 Kawasaki KVF360B6F Prairie - 362CC ATV |

9.   Title to the Debtor's property shall revest in Debtor on confirmation of a plan unless otherwise provided in paragraph 11.

10.  As used herein, the term "Debtor" shall include both debtors in a joint case.

11.  Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

**1.   If this plan does not make full payment, as determined by the Chapter 13 Trustee, to all timely filed claims in this case, then any and all tax refunds, bonuses, proceeds from lawsuits and/or insurance settlements or any other income received in any form by the debtor over the commitment period (36 or 60 months) of the plan shall be devoted to the payment of all timely filed claims, with the exception of any monies already provided for in the Debtor's budget.**

**2.   Attorney costs in the amount of $250.00 will be paid through the Plan.**

12.  Other Provisions:

Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor.   The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Dated: September 23, 2011

/S/Deirdre A. Farrington_____
Deirdre A. Farrington, Esquire
Attorney for Debtors
Florida Bar Number 488690
Farrington Law Office
68-B Feli Way
Crawfordville, FL   32327-2368
(850) 926-2700 Phone
(850) 926-2741 Fax
Deirdre@Farrington.Comcastbiz.Net